IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROCKCALE HARRIS,** § | | |
| **(TDCJ No. 02033210),** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:20-cv-044-O | |
| § | | |
| **DON HASE, Et Al.,** § | | |
| § | | |
| Defendants. § | | |

### OPINION and ORDER OF DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Rockale Harris's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Harris must be dismissed under authority of these provisions.

### BACKGROUND

In the form civil complaint Harris named three defendants: Daryl Coffey, Judge (former), 297th District Court, Tarrant County, Texas; and private attorneys Don Hase and Blake R. Burns. Complaint 1, 3, ECF No. 1. Harris complains of former Judge Coffey's actions during a criminal trial, stating "All the witnesses testimony's [sic] were different which [sic] they should have been the same."*Id*. at 3. As a result, Harris contends the judge should have dismissed some of the witnesses testimony. Harris also refers to the presence of a "false police report." *Id.* at 4. He complains that attorney Hase did nothing he asked him to do, and in particular, failed to show the judge a videotape recorded the night of the shooting

that he alleges would have helped his case. *Id*. at 4. As to attorney Burns, Harris contends that he did not file a petition for discretionary review after his direct appeal, and did not file "any other motions for me." *Id.*

Although Harris has provided sparse information about the underling criminal case in the complaint in this suit, this Court has the benefit of the review of a pending petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Harris in the Fort Worth division of this district, styled *Harris v. Davis*, No. 4:19-CV-541-A (consolidated with No.4:20-CV-100-A). As noted in documents filed in that case, Harris was convicted in the 297th District Court, Tarrant County, Texas (case number 1394441D) of aggravated assault with a deadly weapon, to wit a firearm, and sentenced to 37 years' imprisonment. State Court Records (Judgment), No. 4:19-CV-541-A, ECF No. 14-13 at 126-27; Harris Pet. 1-2, No.4:19-CV-541-A, ECF No. 1; Davis Preliminary Answer 2-3, No. 4:19-CV-541-A, ECF No. 20. The Court takes judicial notice of the records of this district. *See* Fed R. Evid. 201(b)(2) and (e)(1).

For relief in this proceeding, Harris seeks for his case to be overturned of for a re-trial. Complaint 4, ECF No. 1.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)**

Plaintiff Harris is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Harris is proceeding in-forma-pauperis, his complaint is

2

also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.    No Color of Law**

3

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983,[1] a plaintiff must set forth facts in support of both of its elements:(1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Harris's allegations against his attorneys Don Hase and Blake R. Burns, Harris has failed to satisfy the second element. Harris has failed to show that his attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Harris has made no allegation that either attorney was acting on behalf of the government, and he has failed to state any facts of any conspiracy between either attorney and any government official. Harris thus cannot show that his attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against defendants Hase and Burns, must be dismissed.

**B.     Absolute Immunity**

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

With regard to any claims against Judge Coffey for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *See Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Coffey was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 297th Judicial District Court, Tarrant County, Texas, Judge Coffey is entitled to absolute immunity from any monetary damages claims, and any such claims must be dismissed.

**C.     Application of *Heck v. Humphrey***

As an alternative ground for dismissal of the claims against the defendants already dismissed, the Court considers application of the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the *Heck* case, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by

5

achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. 2004) (citation omitted). Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

As noted, Harris has been convicted of aggravated assault with a deadly weapon. Harris raises claims in this civil proceeding against that conviction related to a videotape that was not admitted into evidence, witnesses that he claims the judge should have dismissed, and challenges to the validity of the police report. Complaint at 4, ECF No. 1. As these claims would necessarily imply the invalidity of Harris's conviction, in order to pursue these claims in this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these claims under § 1983.

The Respondent's answer in Harris's pending habeas corpus case reveals that Harris's

6

conviction was affirmed on direct appeal and that he has not sought habeas corpus relief in state court. Davis Preliminary Answer 3, *Harris v. Davis*, No. 4:19-CV-541-A, ECF No. 20 (citing *Harris v. Texas*, No. 02-15-00424-CR, 2017 WL 1173832 (Tex. App. — Fort Worth, 2017). As of this date, Harris has also not obtained relief against his conviction in the federal habeas proceeding. *Harris v. Davis*, No. 4:19-CV-541-A (still pending). As Harris has not shown that his conviction for aggravated assault with a deadly weapon has been invalidated under *Heck*, his claims in this proceeding , whether they be for monetary damages, injunctive relief, or for declaratory relief, are not cognizable and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Hicks*, 1997 WL 811680 at *1 ("Because Hicks does not contend that his efforts to obtain habeas relief were successful, Hicks has not satisfied the prerequisites for filing a claim under the rule in *Heck* . . . ."). The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

It is therefore **ORDERED** that any claims for monetary damages against Judge Darryl Coffey are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that Plaintiff's claims against Don Hase and Blake R. Burns are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further **ORDERED** that all Plaintiff's claims are

alternatively **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met,[2] under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

    **SO ORDERED** this **28th day** of **May, 2020**.

                                                      _____
                                                      Reed O'Connor
                                                      UNITED STATES DISTRICT JUDGE

---

[2] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).